IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

FEB 7 2012

SAMUEL W. JONES, III,
MIGNON R. JONES

      **Plaintiffs,**

      **v.**                                **CIVIL ACTION NO. 2:11cv443**

BANK OF AMERICA, N.A.

**And**

Recontrust Company, N.A.

**And ALG Trustee, L.L.C.**
*as Substitute Trustee.*

      **Defendants.**

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs', Samuel W. Jones, III and Mignon R. Jones, Motion to

Remand, pursuant to 28 U.S.C. § 1447(c) and Defendants', Bank of America and Recontrust

Company, N.A., and ALG Trustee, L.L.C. (collectively, "Defendants") Motion to Dismiss,

pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Plaintiffs'

Motion to Remand is **DENIED** and Defendants' Motion to Dismiss is **GRANTED**.

## I. FACTUAL & PROCEDURAL HISTORY

Plaintiffs owned a tract of land located at 709 14th Street Virginia Beach, VA. Compl. ¶ 1.

On December 28, 2006, they took out a mortgage lien in the amount of $448,400.00. BAC Home

1

Loan Servicing, LP, FKA Countrywide Home Loans Servicing, LP, a Bank of America ("BOA")

company serviced the loan. Compl. ¶ 2.

In 2009, Plaintiffs applied for a Home Affordable Modification Program ("HAMP") loan

modification with BOA. Compl. ¶ 5. Having found Plaintiffs eligible for HAMP, Defendant BOA

allegedly placed Plaintiffs on a three month Trial Payment Plan ("TPP") in January 2010. Compl.

¶ 6. Plaintiffs contend they made the first two payments, but BOA then requested additional

documentation.[1] Compl. ¶¶ 7-8. BOA returned the Plaintiffs' third payment to them on May 17,

2010. Compl. ¶¶ 10-11. In June 2010, BOA allegedly terminated Plaintiffs' modification for net

present value.[2]

After their modification was terminated, Plaintiffs retained counsel to assist them in

obtaining a modification and avoiding foreclosure. Plaintiffs allege that BOA frequently provided

"misleading or inaccurate information concerning Plaintiffs' modification." *See* Pls.' Mem. Law

Supp. Mot. Remand 2. On March 25, 2011, BOA notified Plaintiffs that they were not eligible for

a modification because of rental income. Compl. ¶ 30. As of June 30, 2011, the Plaintiffs home

was in foreclosure and scheduled for sale on July 6, 2011. Compl. ¶ 25.

Plaintiffs assert that BOA's refusal to modify the loan led them to file a Bill of Complaint

and Petition for Preliminary Injunction in the Circuit Court for the City of Virginia Beach to enjoin

the foreclosure sale against Defendants BOA, Recontrust Company, N.A. and ALG Trustee,

L.L.C. Defendants received notice of Plaintiffs' Complaint and Petition for Preliminary Injunction

on July 11, 2011. On August 10, 2011, Defendants filed a Notice of Removal, pursuant to 28

U.S.C. §§ 1331, 1332, 1441, and 1446, alleging diversity and federal question jurisdiction.

---

[1] Plaintiffs allege that BOA required the documentation to be sent to them in less than 24 hours, and that they complied with BOA's request. *See* Compl. ¶ 9-10.
[2] Both parties agree that net present value means that there was a significant amount of equity in the property.

In their Complaint, Plaintiffs allege that Defendant BOA breached its contract with Plaintiffs. They also allege that BOA's negligent or willful mishandling of Plaintiff's loan modification application constitutes negligence *per se*. Additionally, Plaintiffs contend that Defendants Recontrust Company, N.A. and ALG Trustee, L.L.C. (collectively, "Substitute Trustee") breached the contract to modify Plaintiffs' first mortgage because, as BOA's agent, the Substitute Trustee is bound by the same contractual terms as BOA regarding foreclosure.[3] Finally, Plaintiffs advance a claim against all Defendants for tortious interference with contract.

On August 12, 2011, Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs failed to respond to Defendants' motion. However, they filed a Motion to Remand to the Circuit Court for the City of Virginia Beach on September 22, 2011. Defendants responded to Plaintiffs' motion on October 1, 2011.[4] On February 2, 2012, the Court held a hearing on the instant motions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(h)(3) provides for the dismissal of an action if the Court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Unless a matter involves an area over which federal courts have *exclusive* jurisdiction, a suit may be brought in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1); *see Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the

---

[3] The Substitute Trustees were appointed to initiate the foreclosure proceedings for Plaintiffs' property.
[4] Plaintiffs did not respond to Defendants' opposition to their Motion to Remand.

3

merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a complaint. Federal Rule of Civil Procedure 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must still provide the Court with more than a mere "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must be supported by factual allegations that raise a right to relief above the speculative level. *Id.* In fact, a claim is considered facially plausible when the plaintiff gives the court more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### III. DISCUSSION

**A. Motion to Remand**

Defendants removed this case alleging both diversity and federal question jurisdiction. *See* Defs.' Opp'n Pls.' Mot. Remand 1. In their Motion to Remand, Plaintiffs focus almost exclusively on arguing that federal question jurisdiction does not exist in this case. However, the Court believes that the Substitute Trustee is improperly joined, and therefore, complete diversity of citizenship exists.

Plaintiffs are residents of Virginia. Defendant BOA is citizen of North Carolina. *See* 287 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.); *Hill v. Bank of Am. Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1

(N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). The Substitute Trustee is a citizen of Virginia. As such, Plaintiffs believe this case should be remanded to state court because complete diversity does not exist among the parties.

Complete diversity in a case may only exist "when no party shares common citizenship with any party on the other side."[5] *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In order to prove that a party was improperly joined, the Defendant must show either that Plaintiffs cannot establish a cause of action in state court against the Substitute Trustee or that there has been an outright fraud in Plaintiffs' pleadings of jurisdictional facts. *See Payne v. Bank of America*, No. 3:09cv80, 2010 U.S. Dist. LEXIS 12076, at *8 (W.D. Va. Feb. 11, 2010). This determination is made after "resolving all issues of law and fact in [Plaintiffs'] favor." *Wygal v. Litton Loan Servicing LP*, No. 5:09cv322, 2009 U.S. Dist. LEXIS 73183, at *2 (S.D. W. Va. Aug. 18, 2010). The Court may also consider facts outside of the pleadings in determining whether improper joinder has occurred. *Mayes*, 198 F.3d at 464 (citation omitted).

The jurisdictional facts in this case do not appear to be in contention. As a result, the Court must determine whether the Plaintiffs could establish a cause of action in state court against the Substitute Trustee. Plaintiffs' argue that the Substitute Trustee is responsible for executing the foreclosure sale, and if the Substitute Trustee was not joined, "there would be nothing to prevent them from executing a foreclosure of the Plaintiffs' home . . . ." Pls.' Mem. Law Supp. Mot. Remand 4.

The only claim that Plaintiffs allege against the Substitute Trustee is that, because the Substitute Trustee serves as an agent of BOA, it is bound by the same contractual terms.

---

[5] The parties agree that the amount in controversy exceeds $75,000.

Therefore, it also breached the contract which allegedly exists between BOA and the Plaintiffs. Compl. ¶¶ 57-58. Notwithstanding Plaintiffs' argument, no foreclosure sale of the Plaintiffs' property has occurred. Even according to the stringent standard the Court must uphold in determining issues of fraudulent or improper joinder, the Plaintiffs have no valid breach of contract claim against the Defendants.

Plaintiffs cite to *Payne* to bolster their claim that a substitute trustee is not a nominal defendant. The instant case is markedly different from *Payne*. In *Payne*, the plaintiffs provided multiple, specific and substantive allegations against the substitute trustee. *Payne*, 2010 U.S. Dist. LEXIS 12076, at *11-21. More importantly, however, the substitute trustee in *Payne* actually held title to the property. *Id.* at *11.

The Plaintiffs case is more analogous to the various lawsuits where courts have determined that the substitute trustee was fraudulently joined. For example, in *Sherman v. Litton Loan Servicing, L.P.*, after the plaintiff was notified that a foreclosure sale of his home would take place, he filed suit alleging similar allegations to the Plaintiffs in the instant case. No. 2:10cv567, 2011 U.S. Dist. LEXIS 71756, at *4 (E.D. Va. July 1, 2011). The court concluded that the plaintiff had no claims against the substitute trustee because no foreclosure sale had occurred, and he had never raised any issue of title against the substitute trustee. *Id. at* *18-19.

Akin to *Sherman*, the alleged contract dispute between Plaintiffs and BOA involves determining whether the Plaintiffs are entitled to a loan modification. The Substitute Trustee has no part to play in that portion of this litigation: " '[j]ust because the trustee of [a] deed of trust could enforce something does not mean that it is a necessary party,' especially in cases involv[ing] a title dispute, because the mortgage lender possesses an independent right to pursue its rights

6

under the loan agreement." *Id.* at *18 (quoting *RTC Mortgage Trust 1995-S/N2 v. McMahon*, 225 B.R. 604, 608 (E.D. Va. 1997), *aff'd*, 155 F.3d 560, (4th Cir. 1998)). There has been no foreclosure sale. The Court has not found a shred of evidence that the Substitute Trustee has taken any action whatsoever regarding the foreclosure. Furthermore, there is no evidence that the Substitute Trustee has ever had any interest in or title to the property at issue. The Plaintiffs have not alleged sufficient factual allegations against the Substitute Trustee to warrant the application of *Payne* to the case at bar.

The Plaintiffs cannot bring any cause of action against the Substitute Trustee in state court.[6] Consequently, the Substitute Trustee has been improperly joined. Because there is complete diversity between the parties, the Plaintiffs' Motion to Remand is DENIED.

### B. Motion to Dismiss

#### 1. Breach of Contract Claim

Plaintiffs claim that BOA breached its contract to modify Plaintiffs' existing mortgage. Compl. ¶ 37. Specifically, the Plaintiffs believe that the TPP agreement created an enforceable contract between both parties.

Many courts have been confronted with plaintiffs asserting rights to HAMP modifications. While plaintiffs in these cases have made several different arguments grounded in many different legal theories, the result of these cases is generally the same. Courts across the country, including this Court, have consistently concluded that there can be no relief under HAMP because the program does not create a private right of action for borrowers against servicers or lenders. *See,*

---

[6] Because the Court has determined that diversity of citizenship exists between the actual parties to this controversy, the Court will not reach the Defendants' argument that federal question jurisdiction exists. Many HAMP cases, however, have been remanded to state court when diversity was not the basis for removal. *See, e.g., Mosley v. Wells Fargo Bank, N.A.*, No. 2:11cv268, 2011 WL 3439243 (E.D. Va. Aug. 5. 2011); *Paine v. Wells Fargo Bank, N.A.*, No. 2:11cv89, 2011 WL 3236390 (E.D. Va. July 12, 2011).

7

*e.g., Mosley*, 2011 WL 3439243, at *3; *Sherman*, 2011 U.S. Dist. LEXIS 71756, at *6; *Winn v. Chase Mortgage Services et al.*, No. 2:10cv359, at *5 (E.D. Va. Oct. 29, 2010); *Hoffman v. Bank of Am., N.A.*, No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14-15 (N.D. Cal. June 30, 2010); *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039, 2010 U.S. Dist. LEXIS 61489-PHX-JAT, at *16 (D. Ariz. June 21, 2010).

By claiming that BOA breached the TPP agreement, Plaintiffs argue that precedent which dictates that there is no private right of action against lenders and servicers is inapplicable. Courts also have rejected this argument. ". . . [E]ven though the plaintiff had couched her claim as one for breach of the Trial Period Plan, 'the facts and allegations as pleaded in this case are premised chiefly on the terms and procedures set forth via HAMP and are not sufficiently independent to state a separate state law cause of action for breach of contract.' " *Wigod v. Wells Fargo Bank*, No. 10 CV 2348, 2011 WL 250501, at *4 (N.D. Ill. Jan. 25, 2011) (quoting *Vida v. One West Bank, F.S.B.*, No. 10-987, 2010 WL 514873, at *5 (D. Or. Dec. 13, 2010).

Plaintiffs claim fails, however, because there is no private right of action for individual borrowers for violations of HAMP. Further, Plaintiffs cannot allege that a valid contract exists between the parties. The Plaintiffs suggest that BOA's advertisement of HAMP on its website served as a solicitation to the Plaintiffs to apply for the program. Compl. ¶ 38. It is Plaintiffs' view that BOA made an "irrevocable offer" by representing that they would modify Plaintiffs' loan if Plaintiffs' met the condition precedent of financial eligibility for HAMP. Compl. ¶ 40. Plaintiffs believe that BOA breached the contract by: (1) failing to modify the Plaintiffs' loan even though the Plaintiffs met the condition precedent; (2) not providing foreclosure alternative services to Plaintiffs in good faith; and (3) by not forbearing foreclosure proceedings until after

8

Plaintiffs had been reviewed for foreclosure alternatives. Compl. ¶ 46. Given that courts in this jurisdiction have consistently held that there is no private right of action under HAMP, the Court will not permit Plaintiffs to bring a HAMP claim under the guise of a breach of contract claim. Plaintiffs' allegation that a breach of contract occurred when BOA solicited their HAMP application cannot be said to be an independent action arising from anything other than HAMP.

"Under Virginia law, a party claiming breach of contract must establish three elements to prevail: (1) a legally enforceable obligation under the contract, (2) a breach of that obligation, and (3) injury or damage to the plaintiff flowing from that breach." *Sanders v. UDR, Inc.*, No. 3:10cv459, 2010 U.S. Dist. LEXIS, at *7 (E.D. Va. Oct. 4, 2010) (citing *Eplus Tech., Inc. v. Nat'l R.R. Passenger Corp.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005); *Sunrise Continuing Care, LLC. v. Wright*, 671 S.E.2d 132, 135 (Va. 2009)). Plaintiffs have not provided the Court with sufficient evidence to establish that there was a legally enforceable obligation under a contract. A legally enforceable agreement is created upon "acceptance of an offer, as well as valuable consideration." *Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 844 (Va. 1980) (citations omitted).

Plaintiffs have failed to allege an offer from BOA. There is no evidence that the parties reached a mutually agreed upon contract to modify Plaintiffs' loan. BOA's generic solicitation on their website is not an offer to contract. The solicitation on the website was not communicated to a particular party: "A mere expression of intention or general willingness to do something on the happening of a particular event or in return for something to be received does not amount to an offer." *See Williston* on Contracts, Vol. 1, § 4.9. Furthermore, nothing in HAMP requires mortgage lenders or servicers to modify a loan. To the contrary, HAMP merely guarantees that

9

"an eligible borrower will be evaluated for a loan modification, and do not *require* participating mortgage servicers to modify loans." *See, e.g.*, *Pennington v. PNC Mortgage*, No. 2:10cv361, 2010 U.S. Dist. LEXIS 143157, at *13 (E.D. Va. Aug. 11, 2010) (citing *Wright v. Bank of America*, No. CV 10-01723, 2010 U.S. Dist. LEXIS 73807 (N.D. Cal. July 22, 2010)). In order for a breach of contract to occur, there must first be a valid contract. Plaintiffs have failed to allege sufficient facts to show that a valid contract exists. Accordingly, Plaintiffs' breach of contract claim is DISMISSED.[7]

2. *Negligence Per Se Claim*

Plaintiffs allege that BOA violated the HAMP statute "when it failed to properly process Plaintiffs' loan modification." Compl. ¶ 53. They believe those actions constitute negligence *per se*. However, as the Court has already concluded, there is no private right of action under HAMP. Consequently, Plaintiffs' claim of negligence *per se* for violations associated with the HAMP statute is DISMISSED.

3. *Tortious Interference*

Lastly, Plaintiffs claim that BOA's foreclosure of the property constitutes tortious interference with the contract between the Plaintiffs and the note-holder. They argue that the Plaintiff and note-holder would gain economic benefit through completion of the modification, but that Defendants would only profit through a foreclosure sale. Compl. ¶¶ 59-60. The note-holder of Plaintiffs' note is BOA. Because BOA is the note-holder, Plaintiffs' tortious interference claim asserts that BOA has interfered with its own contract. It is well established that a person cannot interfere with his or her own contract. *See King & King Chartered v. Harbert Int'l, Inc.*, 503 F.3d 153, 157 (D.C. Cir. 2007). Moreover, the Court believes that no contract exists in the first

---

[7] The Court will not address Plaintiffs' claim for breach of contract against the Defendant Substitute Trustee as the Court has already concluded that no contract existed between the parties.

10

instance. Therefore, Plaintiffs' claim for tortious interference is DISMISSED.

### 4.  *Preliminary Injunction*

Plaintiffs also ask the Court for a preliminary injunction to preserve the status quo until the

Complaint can be reviewed.  In order for the Court to grant a preliminary injunction, the Court

must determine whether the moving party can prove "that he is likely to succeed on the merits, that

he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Because the Court concludes that the Plaintiffs'

Complaint must be dismissed, the Plaintiffs cannot establish that they are likely to succeed on the

merits.  Accordingly, Plaintiffs' request for preliminary injunction is DENIED.[8]

---

[8] On January 27, 2012, Plaintiffs filed a Second Motion to Amend/Correct the Complaint pursuant to Rule 15 of the
Federal Rules of Civil Procedure.  The Court denies Plaintiffs' motion as futile.  In the motion, Plaintiff innovatively
alleges three new causes of action:  (1) breach of contract for good faith and fair dealing on the promissory note; (2)
breach of duty to mitigate damages; and (3) breach of the Deed of Trust.  Regarding the first two claims, the Court
believes that Plaintiff still attempts to couch HAMP violation claims under a different name.  Additionally, courts have
not been receptive of claims in HAMP cases for breach of duty of good faith and fair dealing.  *See, e.g., Parks v. BAC
Home Loan Servicing, L.P.*, No. 3:11cv541-JAG, 2011 WL 5239240, at *3 (E.D. Va. Nov. 1, 2011); *Singh v. Wells
Fargo Bank*, No. 1:10cv1569, 2011 WL 66167, at *7 (E.D. Cal. Jan. 7, 2011).  Further, with respect to all of Plaintiffs'
innovative claims based on the Deed of Trust, the Court will not entertain the merits of such claims because Plaintiffs
have not given the Court any evidence that they have complied with the requirements of the Deed of Trust.  The notice
provision of the Deed of Trust provides: "Neither Borrower nor Lender may commence, join, or be joined to any
judicial action . . . that arises from the other party's actions pursuant to this Security Interest or that alleges that the
other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such
Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of
Section 15) of such alleged breach and afforded the other party hereto a reasonable period after giving such notice to
take corrective action." *See* Mem. Supp. Mot Dismiss, Ex. A, ¶ 20.  According to Section 15, notice must be in
writing:  "All notices given by Borrower or Lender in connection with this Security Agreement must be in writing . . . .
Any notice to Lender shall be given by delivering it or mailing it by first class mail to Lender's address . . . . Any
notice in connection with this Instrument shall not be deemed to have been given to Lender until actually received by
the Lender." *Id.* at ¶ 15.  Neither the Plaintiffs initial Complaint nor their proposed amendments to the Complaint
detail that they afforded Defendants the agreed upon notice.  Therefore, Plaintiffs cannot bring a claim rooted in the
Deed of Trust when they have failed to comply with the conditions necessary to bring any judicial action under that
instrument.

## IV.  CONCLUSION

For the reasons stated above, it is **ORDERED** that Plaintiffs' Motion to Remand is

**DENIED** and Plaintiffs' Second Motion to Amend/Correct the Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

Plaintiffs' claims are hereby **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to

counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February 7, 2012

12